

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 27  PM 4: 06

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THRONE LACROIX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5686** |
| **WARDEN ROBERTA BOUDREAUX** | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the court finds that the instant action should be **DISMISSED** as untimely.

## PROCEDURAL HISTORY

On March 24, 1999, petitioner, Throne Lacroix, pled guilty to the charge of possession of cocaine. On August 19, 1999, petitioner was sentenced to 15 years incarceration.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Thereafter, petitioner had five days within which to file a motion for an appeal in connection with his conviction and sentence. *See* La. Code Crim. P. art. 914.[1] Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's conviction and sentence were rendered final on August 24, 1999, after the five days available to lodge an appeal expired. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

On January 26, 2000, counsel filed on behalf of petitioner an application for post-conviction relief. On March 11, 2002, the district court granted petitioner post-conviction relief, but ordered that he remain in custody pending appellate review.[2] On May 29, 2002, the Louisiana Fourth Circuit Court of Appeal reversed the district court's March 11, 2002 ruling and ordered that petitioner's guilty plea and sentence be reinstated. *State v. Lacroix*, No. 2002-K-0732 (La. App. 4 Cir. 2002) (unpublished opinion).[3] On June 3, 2002, apparently prior to his receipt of the state appellate court's May 29, 2002 decision, petitioner filed a writ application to the Louisiana Fourth Circuit seeking to have the appellate court order the trial court to conduct a bond hearing for his release in light of the trial court's March 11, 2002 order granting him post-conviction relief. On June 26, 2002, the Louisiana

---

[1] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

[2] A copy of the state district court's order is contained in the State rec., vol. 1 of 1.

[3] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 1 of 1.

2

Fourth Circuit Court of Appeal denied petitioner's writ application as moot in light of its May 29, 2002 order reinstating petitioner's guilty plea and sentence. *State v. Lacroix*, No. 2002-K-1148 (La. App. 4 Cir. 2002) (unpublished opinion).[4] On June 27, 2002, counsel filed, on behalf of petitioner, a writ application to the Louisiana Supreme Court seeking relief in connection with the state appellate court's May 29, 2002 adverse decision. However, petitioner, on August 14, 2002, filed an "Application for Withdrawal of Application for Writ of Certiorari Filed by Petitioner Attorney C. Gary Wainwright on June 27, 2002."[5] On March 21, 2003, the Louisiana Supreme Court issued an opinion, *State v. Lacroix*, 840 So.2d 530 (La. 2003), acknowledging that the writ application filed by counsel on petitioner's behalf had been "withdrawn at relator's request."

On August 8, 2002, petitioner filed a pro se post-conviction application with the state district court, then filed, in December, 2002, a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal seeking to compel the district court to rule upon his post-conviction application.[6] The Louisiana Fourth Circuit, on December 27, 2002, denied petitioner's post-conviction application on the merits, stating:

---

[4] A copy of the state appellate court's June 26, 2002 order, along with petitioner's corresponding writ application, is contained in the state rec., vol. 1 of 1.

[5] A copy of petitioner's withdrawal application is contained in the State rec., vol. 1 of 1.

[6] Copies of both pleadings are contained in the State rec., vol. 1 of 1.

3

> *Relator's claim in his application for post-conviction relief that his counsel was ineffective for advising him to enter an unqualified plea of guilty has been reviewed. Relator has failed to show that relief should be granted. In 2002-K-0732, this court found that relator's unqualified plea of guilty was knowingly and voluntarily entered.*

State v. Lacroix, No. 2002-K-2508 (La. App. 4 Cir. 2002) (unpublished opinion).[7] On March 7, 2003, petitioner filed a writ application with the Louisiana Supreme Court seeking relief in connection with the state appellate court's December 27, 2002 adverse decision in No. 2002-K-2508. On March 26, 2004, the Louisiana Supreme Court denied petitioner's writ application, *State ex rel. Lacroix v. State*, 871 So.2d 343 (La. 2004), then, on June 18, 2004, denied petitioner's motion for reconsideration. *State ex rel. Lacroix v. State*, 876 So.2d 790 (La. 2004).[8]

On June 14, 2004, petitioner filed an "Application for Writ of Certioraro [sic] Regarding the Opinion of the Fourth Circuit Court of Appeals in Case Number 2002-K-0732 Reversing the Honorable Arthur L. Hunter, Jr., Judge Granting of Post Conviction Relief in

---

[7] A copy of the Louisiana Fourth Circuit's unpublished opinion is contained in the State rec., vol. 1 of 1.

[8] While petitioner's writ application, No. 2003-KH-0824, was pending before the Louisiana Supreme Court, petitioner filed various writ applications with the Louisiana Fourth Circuit, all of which were denied by the state appellate court while his writ application to the Louisiana Supreme Court was still pending. These appellate court writ applications will not be enumerated as they do not impact petitioner's prescriptive period as prescription was already tolled by virtue of petitioner's pending Louisiana State Supreme Court writ application.

Orleans Parish Criminal District Court in Case Number 396-406".[9] On May 6, 2005, the Louisiana Supreme Court denied petitioner's writ application. *State ex rel. Lacroix v. State*, 901 So.2d 1082 (La. 2005).

On October 26, 2005, petitioner filed the instant habeas corpus action.[10] In its opposition memorandum, the State contends that petitioner's habeas application is untimely. Based upon the following, the court agrees.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the

---

[9]June 14, 2004 represents the date petitioner signed his writ application. Said application, assigned No. 04-KH-1743, was received by the Louisiana Supreme Court on July 14, 2004. Additionally, because this court's review of the state court record did not uncover a copy of the pertinent writ application, a copy was obtained from the Clerk of Court's Office for the Louisiana Supreme Court and is attached to the instant report and recommendation.

[10]This October 26, 2005 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

petitioner's state judgment became final or the expiration of his time for seeking review.[11]

See 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, because petitioner's time for seeking review expired on August 24, 1999, his one-year limitation period commenced running on that date, giving him until August 24, 2000, to timely seek habeas corpus relief.

Petitioner did not file the instant action until over five years later, on October 26, 2005. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner did not seek collateral review until January 26, 2000, when counsel filed, on petitioner's behalf, an application for post-conviction relief. By that time, 155 days of petitioner's 365-day prescriptive period had expired. This post-conviction proceeding remained pending within the state court system until March 21, 2003, when the Louisiana

---

[11]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

Supreme Court allowed petitioner to withdraw the writ application. *See State v. Lacroix*, 840 So.2d 530 (La. 2003).

On March 21, 2003, when petitioner's first post-conviction proceeding, initiated by counsel, ceased to exist, petitioner's prescriptive period did not commence to run because he had pending before the Louisiana Supreme Court a second, pro se post-conviction application which he had initiated with the state trial court on August 8, 2002. Petitioner's second, pro se post conviction application remained pending before the Louisiana Supreme Court until June 18, 2004, when the Louisiana Supreme Court denied his application for reconsideration. *See State ex rel. Lacroix v. State*, 876 So.2d 790 (La. 2004).

On June 14, 2004, petitioner filed a writ application, 2004-KH-1743, which the Louisiana Supreme Court denied on May 6, 2005, *State ex rel. Lacroix v. State*, 901 So.2d 1082 (La. 2005). In his writ application, petitioner sought relief from the Louisiana Fourth Circuit Court of Appeal's May 29, 2002 adverse judgment in Civil Action 2002-K-0732. Under Louisiana Supreme Court Rule X, § 5(a), petitioner had 30 days from "the mailing of the notice" of the state appellate court's May 29, 2002 adverse judgment within which to timely seek review from the Louisiana Supreme Court. Petitioner did not seek review from the Louisiana Supreme Court until almost two years after his 30-day deadline had expired.

In *Williams v. Cain*, 217 F.3d 303, 308-309 (5th Cir. 2000), the Fifth Circuit made clear that a writ application filed outside the 30-day time constraint imposed under Louisiana

Supreme Court Rule X, § 5(a), was not "properly filed", as required under 28 U.S.C. § 2244(d)(2), and therefore, did not toll the AEDPA's one-year prescriptive period. Accordingly, prescription once again commenced to run on June 18, 2004, when petitioner's second, pro se post-conviction application ceased to be pending within the state court system. At that point, petitioner had 210 days remaining before his one-year prescriptive period expired. Petitioner, however, allowed approximately 480 days to pass before filing the instant habeas corpus action on October 26, 2005. Thus, this matter is time barred absent a basis for equitable tolling.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

In the instant matter, petitioner does not, per se, offer a basis to equitably toll his prescriptive period. He does, however, in his "Rebuttal" (rec. doc. # 28, p. 6), argue that when the Louisiana Fourth Circuit Court of Appeal, in May, 2002, reinstated his guilty plea and sentence, it had the effect of restarting his statute of limitations so that his one-year prescriptive period "start[ed] all over". Petitioner's argument in this regard is without merit. In *Salinas v. Dretke*, 354 F.3d 425, 429 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004), the Fifth Circuit made clear that "nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action." To the contrary, the "AEDPA provides for only a linear limitation period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between." *Id., citing* 28 U.S.C. § 2244(d)(1) and (2). *See also Soileau v. Cain*, 2005 WL 1629945, *4-6 (W.D. La. 2005). Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Throne Lacroix, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of June, 2007.

LOUIS MOORE, JR.
United States Magistrate Judge